UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KAREEM H. WARD,

                Plaintiff,

          -v-                             **MEMORANDUM AND ORDER**
                                                   23-CV-5235 (NRM) (LB)

ADMINISTRATION FOR CHILDREN'S
SERVICES - OFFICE OF CHILDREN AND
FAMILY SERVICES,

                Defendants.
----------------------------------------------------------------X
**NINA R. MORRISON**, United States District Judge:

Plaintiff Kareem H. Ward, proceeding *pro se*, filed this action and application to proceed *in forma pauperis*. Compl., ECF No. 1; Mot. for Leave to Proceed I.F.P., ECF No. 2. Plaintiff subsequently corrected the complaint, which was unsigned. Notice of Signed Compl., ECF No. 5. Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a). Mot. for Leave to Proceed IFP. For the reasons that follow, the action is dismissed.

## BACKGROUND

Plaintiff alleges that "due to the careless acts of" the Administration for Children's Services ("ACS") and the Office of Children and Family Services, he was deprived of his "biological mother['s] inheritance" and "pedigree information of father[']s estate" which caused "identity theft." Notice of Signed Compl. at 5. Plaintiff does not state the relief he seeks. *Id.* at 6.

1

On October 11, 2023, Plaintiff filed a letter requesting removal from shelter facilities, temporary funding to obtain motel or hotel placement, and a monthly check of $7000.[1]  Letter, ECF No. 6 at 3.

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).  However, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  In

---

[1] In Plaintiff's letter, he references his other cases before the Court.  Because Plaintiff filed a notice of appeal in 23-CV-4034 and 23-CV-4037, the Court will not take action on those two cases while the appeal is pending before the United States Court of Appeals for the Second Circuit.  *Negron v. United States*, 394 F. App'x 788, 792 (2d Cir. 2010) ("it is well-established that the filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (internal quotation marks, alterations, and citation omitted)); *Hernandez v. Coughlin*, 18 F.3d 133, 138 (2d Cir. 1994) (district court lacked jurisdiction to rule on a motion to amend a complaint after a notice of appeal was filed).

addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case filed *in forma pauperis* if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff sues ACS, an agency of the City of New York. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. That provision "has been construed to mean that New York City departments as distinct from the City itself, lack the capacity to be sued. *See Worrell v. City of New York*, No. 12-CV-6151, 2014 WL 1224257, at *3 (E.D.N.Y. Mar. 24, 2014) (holding that ACS is not a suable entity). Therefore, Plaintiff's complaint cannot proceed against ACS and it is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).[2]

Even if the Court were to liberally construe the complaint as including a claim against the City of New York ("City"), such a claim should be dismissed. It is well-settled that a municipality, such as the City of New York, can only be sued if the

---

[2] As to the "Office of Children and Family Services," it is unclear whether Plaintiff intends to sue the New York State agency known as the NYS Office for Children and Family Services ("OCFS"), a division or unit within ACS, or if he intends to sue a social service agency located within the Family Court building at 330 Jay Street in Brooklyn, New York. Regardless, Plaintiff has not set forth facts to suggest a plausible claim against either of these entities.

3

alleged injury was the result of an official policy, custom, or practice of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978); *Thomas v. Administrator of Children's Servs.*, No. 21-CV-47, 2021 WL 493425, at *2–3 (E.D.N.Y. Feb. 10, 2021). Plaintiff has not alleged any policy, custom, or practice on the part of the City or a constitutional injury. Thus, even if Plaintiff had properly named the City in this action — which he did not — the Court would be required to dismiss any such claims against the City of New York.

Furthermore, to the extent Plaintiff seeks to pursue claims under federal criminal statutes, *see* Notice of Signed Compl. at 4, those claims also fail. It is well-settled that "crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 14–15 (2d Cir. 2006) (citing *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972); *see also Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another").

## CONCLUSION

For the reasons set forth above, the action, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Despite Plaintiff's *pro se* status, the Court declines to grant leave to amend as it finds that amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123–124 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile); *Cuoco*, 222 F.3d at 112 ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case and mail a copy of this Memorandum and Order to Plaintiff.

SO ORDERED.

          */s/ NRM*
          NINA R. MORRISON
          United States District Judge

Dated:    July 25, 2024
           Brooklyn, New York